TAD:DGR
F.#2016R00461

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – X

UNITED STATES OF AMERICA

    - against -                    Criminal Docket No. <u>16-376 (JBW)</u>

CHRISTOPHER ARROYO,

         Defendant.

– – – – – – – – – – – – – – – – X


<u>THE GOVERNMENT'S REQUESTS TO CHARGE</u>


                         BRIDGET M. ROHDE
                         ACTING UNITED STATES ATTORNEY
                         Eastern District of New York
                         271 Cadman Plaza East
                         Brooklyn, New York 11201


Drew G. Rolle
Assistant U.S. Attorney
     (Of Counsel)

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................1

REQUEST NO. 1.......................................................................................................2

    General Requests ..................................................................................................2

REQUEST NO. 2.......................................................................................................3

    Legal Elements of the Crimes Charged:
    Knowingly and Intentionally ...............................................................................3

REQUEST NO. 3.......................................................................................................4

    Count One: Sexual Exploitation of a Child ..........................................................4

REQUEST NO. 4.......................................................................................................6

    First Element of Sexual Exploitation of a Child: Age of a Minor ..........................6

REQUEST NO. 5.......................................................................................................7

    Second Element of Sexual Exploitation of a Child:
    Visual Depiction of Sexually Explicit Conduct.....................................................7

REQUEST NO. 6.......................................................................................................8

    Definition of "Sexually Explicit Conduct" ...........................................................8

REQUEST NO. 7.....................................................................................................10

    Third Element of Sexual Exploitation of a Child:
    Effect on Interstate Commerce ..........................................................................10

REQUEST NO. 8.....................................................................................................12

    Consent Is Not a Defense to Sexual Exploitation of a Child.................................12

REQUEST NO. 9.....................................................................................................13

    Count Two: Receipt of Child Pornography .........................................................13

REQUEST NO. 10...................................................................................................15

    First Element of Receipt of Child Pornography: Receipt .....................................15

REQUEST NO. 11...................................................................................................16

    Second Element of Receipt of Child Pornography:
    Effect on Interstate Commerce ..........................................................................16

REQUEST NO. 12 ...................................................................................................17

    Third Element of Receipt of Child Pornography:
    Visual Depiction of Sexually Explicit Conduct ...........................................17

REQUEST NO. 13 ...................................................................................................18

    Fourth Element of Receipt of Child Pornography:
    Defendant Acted Knowingly ........................................................................18

REQUEST NO. 14 ...................................................................................................19

    Count Three: Possession of Child Pornography .........................................19

REQUEST NO. 15 ...................................................................................................21

    First Element of Possession of Child Pornography:
    Knowing Possession ...................................................................................21

REQUEST NO. 16 ...................................................................................................22

    Second Element of Possession of Child Pornography:
    Effect on Interstate Commerce ...................................................................22

REQUEST NO. 17 ...................................................................................................23

    Third Element of Possession of Child Pornography:
    Visual Depiction of Sexually Explicit Conduct ...........................................23

REQUEST NO. 18 ...................................................................................................24

    Fourth Element of Possession of Child Pornography:
    Defendant Acted Knowingly ........................................................................24

REQUEST NO. 19 ...................................................................................................25

    No Duty to Call All Witnesses to an Event .................................................25

REQUEST NO. 20 ...................................................................................................26

    Dates Approximate .....................................................................................26

REQUEST NO. 21 ...................................................................................................27

    Expert Testimony ........................................................................................27

REQUEST NO. 22 ...................................................................................................29

    Punishment ..................................................................................................29

CONCLUSION .......................................................................................................30

PRELIMINARY STATEMENT

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the government respectfully requests that the Court include the following instructions in its charge to the jury. In addition, the government requests leave to offer such other instructions as may become appropriate during the course of the trial.

The government respectfully requests that copies of the indictment and the jury instructions be provided to the jurors during their deliberations.

<u>REQUEST NO. 1</u>

<u>General Requests</u>

The government respectfully requests that the Court charge the jury in its usual manner on the following subjects:

a.     The Role of the Court and the Duties of the Jury;

b.     Equality of the Parties Before the Court;

c.     Jury Communications with Lawyers and the Court;

d.     Presumption of Innocence;

e.     Burden of Proof and Reasonable Doubt;

f.     Circumstantial Evidence and Direct Evidence;

g.     Function of the Indictment and What Is Not Evidence;

h.     Permissible Inferences Drawn from the Evidence;

i.     Stipulations (if applicable) and Objections;

j.     Credibility of Witnesses and Discrepancies in Testimony;

k.     Defendant's Right Not to Testify (if applicable);

l.     Law Enforcement Witnesses;

m.     Dates Approximate;

n.     Transcripts not Evidence;

o.     Lawfulness of Audio Recordings;

p.     Deliberations;

q.     Right to See Exhibits and Have Testimony Read During Deliberations; and

r.     Verdict Must Be Unanimous.

<u>REQUEST NO. 2</u>

Legal Elements of the Crimes Charged:
<u>Knowingly and Intentionally</u>

I will now turn to the second part of this jury charge, where I instruct you as to the legal elements of the crimes charged by the Indictment.  Certain allegations in the indictment require that in order to sustain its burden of proof, the Government must prove that the defendant acted "knowingly" or "intentionally."  I will now define those terms.

A person acts "knowingly" if he acts purposely and voluntarily and not because of a mistake, accident, or other innocent reason.  Whether the defendant acted knowingly may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.

A person acts "intentionally" if he acts deliberately and purposefully.  A Defendant can act intentionally even if he is not aware of the specific law or rule that his conduct may have violated, but his acts must not have been the product of a mistake or accident.

These issues of knowledge and intent require you to make a determination about the defendant's state of mind, something that rarely can be proven directly.  A wise and careful consideration of all the circumstances of the case may, however, permit you to make such a determination as to the defendant's state of mind. Indeed, in your everyday affairs, you frequently are called upon to determine a person's state of mind from his or her words and actions in a given circumstance.  You are asked to do the same here.

Adapted from the charge of the Honorable Nicholas G. Garaufis in
<u>United States v. Naim</u>, 13-CR-660 (NGG) (E.D.N.Y. 2014) and
the Honorable Raymond J. Dearie in <u>United States v. Baslan</u>, 13-
CR-220 (RJD) (E.D.N.Y. 2014).

3

<u>REQUEST NO. 3</u>

<u>Count One: Sexual Exploitation of a Child</u>

The defendant is charged in an indictment.  As I instructed you at the outset of this case, the indictment is a charge or accusation.  The indictment in this case contains three counts.  I will now review the indictment with you and instruct you as to the legal elements of the counts with which the defendant is charged, beginning with Count One.  The first count charges the defendant with Sexual Exploitation of a Child.  Count One reads as follows:

> In or about and between 2012 and 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant CHRISTOPHER ARROYO did knowingly and intentionally employ, use, persuade, induce, entice and coerce a minor, to wit: Jane Doe #1, an individual whose identity is known to the Grand Jury, to engage in sexually explicit conduct for the purpose of producing one or more visual depictions of such conduct, which visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, to wit: computer equipment and mobile telephones, and such visual depictions were actually transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the Internet and Internet applications, and which were in and affecting interstate and foreign commerce.

Count One of the indictment charges the defendant with violating section 2251(a) of Title 18 of the United States Code.  That section provides, in relevant part:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct . . . shall be [guilty of a crime] if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

4

In order to prove the defendant guilty of sexually exploiting a child, the government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>, that the child—here A.C., who is identified in the indictment as Jane Doe #1—was under the age of eighteen;

<u>Second</u>, that the defendant used or employed or persuaded or induced or enticed or coerced Alana to take part in sexually explicit conduct for the purpose of producing or transmitting a visual depiction of that conduct; and

<u>Third</u>, that the visual depiction was mailed or actually transported or transmitted in or affecting interstate or foreign commerce or using a facility of interstate and foreign commerce or produced using materials that had been mailed, shipped, or transported in and affecting interstate and foreign commerce.

Adapted from the charge of the Honorable Nicholas G. Garaufis in <u>United States v. Naim</u>, 13-CR-660 (NGG) and <u>United States v. Ledee</u>, 11-CR-175 (NGG) and the charge of the Honorable Raymond J. Dearie in <u>United States v. Baslan</u>, 13-CR-220 (RJD).

REQUEST NO. 4

First Element of Sexual Exploitation of a Child: Age of a Minor

The first element of Count One that the government must prove beyond a

reasonable doubt is that A.C. was less than eighteen years old at the time of the acts alleged in

the indictment.

The government does not have to prove that the defendant knew that Alana was

less than eighteen years old.

Adapted from charge of the Honorable Nicholas G. Garaufis in
United States v. Naim, 13-CR-660 (E.D.N.Y. 2014); see also Sand
et al., Modern Federal Jury Instructions, § 62-3.

<u>REQUEST NO. 5</u>

<u>Second Element of Sexual Exploitation of a Child:</u>
<u>Visual Depiction of Sexually Explicit Conduct</u>

The second element of Count One that the government must prove beyond a reasonable doubt is that the defendant used or employed or persuaded or induced or enticed or coerced Alana to take part in sexually explicit conduct for the purpose of producing or transmitting a visual depiction of that conduct.

The words "used," "employed," "persuaded," "induced," "enticed" and "coerced" are words of common use, and I instruct you to interpret these words by using your own common sense. The words "persuade," "induce" and "entice" are, in effect, synonyms that convey the idea of leading or moving another person by persuasion or influence as to some action, state of mind, etc., or to bring about, produce or cause. The word "induce" also means to stimulate the occurrence of or cause. The word "coerce" means to compel by force and intimidation or authority, without regard for individual desire or volition.

A "visual depiction" includes any photograph, film, video, or picture, including undeveloped film and videotape, and data stored on computer disk or by electronic means that is capable of conversion into a visual image. A "visual depiction" includes videos and images taken with, and transmitted via, a Webcam and/or computer.

In deciding whether the government has proven that the defendant acted for the purpose of producing or transmitting a visual depiction of the sexually explicit conduct, you may consider all of the evidence concerning the defendant's conduct.

Adapted from charge of the Honorable Nicholas G. Garaufis in <u>United States v. Naim</u>, 13-CR-660 (E.D.N.Y. 2014) and the Honorable Raymond J. Dearie in <u>United States v. Baslan</u>, 13-CR-220 (E.D.N.Y. 2013).

7

<u>REQUEST NO. 6</u>

<u>Definition of "Sexually Explicit Conduct"</u>

The term "sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse or lascivious exhibition of the genitals or pubic area of any person.

The term "lascivious exhibition" means a depiction that displays or brings to view to attract notice to the genitals or pubic area of children in order to excite lustfulness or sexual stimulation in the viewer. Not every exposure of the genitals or pubic area constitutes a lascivious exhibition. In deciding whether the government has proved that a particular visual depiction constitutes a lascivious exhibition, you should consider the following questions:

- Whether the focal point of the visual depiction is of the minor's genitals or pubic area or whether there is some other focal area;

- Whether the setting of the visual depictions makes it appear to be sexually suggestive, for example, in a place or pose generally associated with sexual activity;

- Whether the minor is displayed in an unnatural pose or in inappropriate attire, considering the age of the minor; whether the minor is fully or partially clothed or nude, although nudity is not in and of itself lascivious;

- Whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; whether the visual depiction was intended or designed to elicit a sexual response from the viewer.

It is not required that a particular visual depiction involve all of these factors to be a lascivious exhibition.  The importance which you give to any one factor is up to you to decide.

Adapted from the charge of the Honorable Nicholas G. Garaufis in <u>United States v. Naim</u>, 13-CR-660 (E.D.N.Y. 2014) and the Honorable Raymond J. Dearie in <u>United States v. Baslan</u>, 13-CR-220 (E.D.N.Y. 2013).  <u>See also</u> Sand et al., Modern Federal Jury

Instructions, § 62-7; <u>United States v. Rivera</u>, 546 F.3d 245, 249 (2d Cir. 2008) (quoting factors as set forth in <u>United States v. Dost</u>, 636 F. Supp. 828 (S.D.Cal.1986), aff'd sub nom. <u>United States v. Wiegand</u>, 812 F.2d 1239 (9th Cir. 1987))).

<u>REQUEST NO. 7</u>

<u>Third Element of Sexual Exploitation of a Child:</u>

<u>Effect on Interstate Commerce</u>

The third element of Count One that the government must prove beyond a reasonable doubt is that the visual depiction was mailed or actually transported or transmitted in or affecting interstate commerce or that the defendant knew or had reason to know that the visual depiction would be mailed or transported or transmitted in or affecting interstate commerce or that the visual depiction was produced using materials that had been mailed or shipped or transported in or affecting interstate or foreign commerce.

Simply stated, the phrase "interstate or foreign commerce" means movement between one state and another or between the United States and a foreign country. Here, the government alleges that this element is satisfied in three ways.

<u>First</u>, the government alleges that the images and videos in question were transported or transmitted from one state to another via the Internet. Transmission of images and videos via the Internet constitutes transportation in interstate commerce. I instruct you that if you find that the images and videos in question were transmitted via the Internet, that is sufficient to satisfy this element.

<u>Second</u>, the government alleges that the defendant knew or had reason to know that the images and videos in question would be transported or transmitted from one state to another via the Internet.  I instruct you that if you find that the defendant knew and intended that the images and videos would be transmitted from one state to another via the Internet, or had reason to know that this transmission would occur because it was reasonably foreseeable that the defendant's activities would result in the images' and videos' transmission from one state to another, that is sufficient to satisfy this element.

10

<u>Third</u>, the government alleges that the computer used to take the images and videos in question was manufactured outside of New York State.  I instruct you that if you find that the computer used to take the images and videos in question was manufactured outside of New York State, that is sufficient to satisfy this element.  The government does not have to prove that the defendant personally transported the computer across a state line or that the defendant knew that the computer had previously crossed a state line.

You may find that this element is satisfied under any one of these three theories.  However, you must be unanimous as to at least one of the theories.

Adapted from the charge of the Honorable Nicholas G. Garaufis in <u>United States v. Naim</u>, 13-CR-660 (E.D.N.Y. 2014); <u>see also</u> Sand et al., Modern Federal Jury Instructions, §§ 62-8, 62-9, 62-10; <u>United States v. Harris</u>, 548 F. App'x 679, 682 (2d Cir. 2013).

REQUEST NO. 8

Consent Is Not a Defense to Sexual Exploitation of a Child

Whether or not a minor consented to engage in sexually explicit conduct is irrelevant, as the consent or voluntary participation of a minor is not a defense to the charge.

Adapted from the charge of the Honorable Nicholas G. Garaufis in United States v. Naim, 13-CR-660 (E.D.N.Y. 2014) and the Honorable Stephen C. Robinson in United States v. Jass, 04-CR-1372 (S.D.N.Y.); see also 18 U.S.C. § 2251(a), (b).

12

REQUEST NO. 9

Count Two: Receipt of Child Pornography

Count Two of the indictment charges the defendant with Receipt of Child

Pornography. Count Two reads as follows:

> In or about and between 2012 and 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant CHRISTOPHER ARROYO did knowingly and intentionally receive one or more visual depictions, to wit: the image depicted in the computer file 10706563_86378595365 5045_1902793332_n.jpg, using a means and facility of interstate and foreign commerce, to wit: the Internet and Internet applications, and which visual depictions had been mailed, shipped and transported in and affecting interstate and foreign commerce, the production of such visual depictions having involved the use of one or more minors engaging in sexually explicit conduct, and such visual depictions were of such conduct.

Count Two charges the defendant with violating section 2252(a)(2) of Title 18 of

the United States Code. That section provides, in relevant part:

> [Any person who] knowingly receives . . . any visual depiction using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproduces any visual depiction for distribution using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or through the mails, if (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (B) such visual depiction is of such conduct [shall be guilty of a crime].

In order to prove the defendant guilty of receiving child pornography, the

government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant knowingly received a visual depiction, which term I have

already explained;

Second, that the visual depiction was transported in or affecting interstate

commerce;

13

Third, that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and portrayed that minor engaged in that conduct; and

Fourth, that the defendant knew that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and portrayed a minor engaged in that conduct.

REQUEST NO. 10

First Element of Receipt of Child Pornography: Receipt

The first element of Count Two, which the government must prove beyond a reasonable doubt, is that the defendant knowingly received a visual depiction.  You have already been instructed on the meaning of the term "visual depiction."

To receive a visual depiction means to take possession of it. This includes the knowing acceptance of a depiction previously requested. Receiving includes the downloading of an image or video by means of the Internet.

The government must prove that the defendant received the depiction knowingly, a term about which I have already instructed you.

> See Sand et al., Modern Federal Jury Instructions, § 62-14; see also United States v. Ramos, 685 F.3d 120, 131 (2d Cir. 2012) (noting that in the context of 18 U.S.C. 2252A, the terms "possession" and "receipt" of child pornography are undefined and "courts have given these terms their plain meaning").

15

REQUEST NO. 11

Second Element of Receipt of Child Pornography:
Effect on Interstate Commerce

The second element of Count Two, which the government must prove beyond a reasonable doubt, is that the visual depiction was transported in or affecting interstate commerce.

Here, the government alleges that the image in question was transported from one state to another via the Internet.  I instruct you that, as a matter of law, transmission of an image via the Internet constitutes transportation in interstate commerce.  I instruct you that if you find that the image in question was transmitted via the Internet, that is sufficient to satisfy this element.

> See Sand et al., Modern Federal Jury Instructions, § 62-19; United States v. Harris, 548 F. App'x 679, 682 (2d Cir. 2013) ("[B]ecause of the very interstate nature of the Internet, once a user submits a connection request to a website server or an image is transmitted from the website server back to user, the data has traveled in interstate commerce." (quoting United States v. MacEwan, 445 F.3d 237, 244 (3d Cir. 2006))).

16

REQUEST NO. 12

Third Element of Receipt of Child Pornography:
Visual Depiction of Sexually Explicit Conduct

The third element of Count Two that the government must prove beyond a reasonable doubt is that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, as I have already explained that term to you, and portrays that minor engaged in that conduct.

The visual depiction must be of a real person under the age of eighteen engaging in sexually explicit conduct. The government does not have to prove the identity of the minor or the exact age of the minor. You may consider all of the evidence in determining whether the depiction portrayed an actual person under the age of eighteen engaging in sexually explicit conduct.

Adapted from the charge of the Honorable Nicholas G. Garaufis in United States v. Naim, 13-CR-660 (E.D.N.Y. 2014); see Sand et al., Modern Federal Jury Instructions, § 62-22

<u>REQUEST NO. 13</u>

<u>Fourth Element of Receipt of Child Pornography: Defendant Acted Knowingly</u>

The fourth element of Count Two, which the government must prove beyond a reasonable doubt is that the defendant knew both that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and that it portrayed a minor engaged in that conduct.

As I stated before, an act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake or some other innocent reason.

In this case, the term "knowingly" refers to an awareness of the sexually explicit nature of the material and to the knowledge that the visual depiction was in fact of an actual minor engaged in that sexually explicit conduct.

The government must show that the defendant had knowledge of the general nature of the contents of the material.  The defendant need not have specific knowledge as to the identity or actual age of the minor depicted, but the defendant must have knowledge or an awareness that the material contained a visual depiction of a minor engaging in sexually explicit conduct.  Such knowledge may be shown by direct or circumstantial evidence, or both. Eyewitness testimony of the defendant's viewing of the material is not necessary to prove his awareness of its contents; the circumstances may warrant an inference that he was aware of what the material depicts. Furthermore, the defendant's belief as to the legality or illegality of the material is irrelevant.

<u>See</u> Sand et al., Modern Federal Jury Instructions, § 62-24.

REQUEST NO. 14

Count Three: Possession of Child Pornography

Count Three of the indictment charges the defendant with Possession of Child

Pornography.   Count Three reads as follows:

> In or about and between 2012 and February 2016, both dates being
> approximate and inclusive, within the Eastern District of New York
> and elsewhere, the defendant CHRISTOPHER ARROYO did
> knowingly and intentionally possess matter containing one or more
> visual depictions, to wit: images in digital files, which visual
> depictions had been mailed, shipped and transported using a means
> and facility of interstate and foreign commerce, to wit: the Internet
> and Internet applications, and which were produced using materials
> which had been mailed, and so shipped and transported by any
> means, including by computer, the production of such visual
> depictions having involved the use of one or more minors engaging
> in sexually explicit conduct, and such visual depictions were of such
> conduct.

Count Three of the indictment charges the defendant with violating section

2252(a)(4) of Title 18 of the United States Code, which provides, in relevant part:

> [Any person who] knowingly possesses, or knowingly accesses with
> intent to view, 1 or more books, magazines, periodicals, films, video
> tapes, or other matter which contain any visual depiction that has
> been mailed, or has been shipped or transported using any means or
> facility of interstate or foreign commerce or in or affecting interstate
> or foreign commerce, or which was produced using materials which
> have been mailed or so shipped or transported, by any means
> including by computer, if (i) the producing of such visual depiction
> involves the use of a minor engaging in sexually explicit conduct;
> and (ii) such visual depiction is of such conduct [shall be guilty of a
> crime].

In order to prove the defendant guilty of possessing child pornography, the

government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant knowingly possessed a visual depiction;

Second, that the visual depiction was transported in or affecting interstate or

foreign commerce or the visual depiction was produced using materials that have been

transported in or affecting interstate or foreign commerce;

19

<u>Third</u>, that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and portrays that minor engaged in that conduct; and

<u>Fourth</u>, that the defendant knew that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and portrayed a minor engaged in that conduct.

<u>See</u> Sand et al., Modern Federal Jury Instructions, §§ 62-11, 62-12.

<u>REQUEST NO. 15</u>

<u>First Element of Possession of Child Pornography:</u>
<u>Knowing Possession</u>

The first element of Count Three that the government must prove beyond a reasonable doubt is that the defendant knowingly possessed a visual depiction.

You have already been instructed on the meaning of the term "visual depiction."

The law recognizes two different types of possession: actual possession and constructive possession.  Actual possession is physical custody or control of an object.  Constructive possession refers to the ability to exercise substantial control over an object that a person does not have in his physical custody.  For example, a person who places something in a safe deposit box at a bank or in a locked room retains constructive possession of that item if he can retrieve it.

The government must prove that the defendant possessed the depiction knowingly. You have already been instructed on the meaning of "knowingly."

<u>See</u> Sand et al., Modern Federal Jury Instructions, § 62-15.

<u>REQUEST NO. 16</u>

<u>Second Element of Possession of Child Pornography:</u>
<u>Effect on Interstate Commerce</u>

The second element of of Count Three that the government must prove beyond a reasonable doubt is that the visual depiction was transported in or affecting interstate or foreign commerce or the visual depiction was produced using materials that have been transported in or affecting interstate or foreign commerce.

Here, the government alleges, first, that the images and videos in question were transported from one state to another via the Internet.  I instruct you that if you find that the images and videos in question were transported via the Internet, that is sufficient to satisfy this element.

The government also alleges, second, that the computer used to produce the images and videos in question was manufactured outside this state.  I instruct you that if you find that the computer used to produce the images and videos in question was manufactured outside this state, that is sufficient to satisfy this element.  The government does not have to prove that the defendant personally transported the computer across a state line or that the defendant knew that the computer had previously crossed a state line.

You may find that this element is satisfied under either of these theories.  However, you must be unanimous as to at least one of the theories.

<u>See</u> Sand et al., Modern Federal Jury Instructions, §§ 62-19, 62-20;
<u>United States Harris</u>, 548 F. App'x 679, 682 (2d Cir. 2013).

<u>REQUEST NO. 17</u>

<u>Third Element of Possession of Child Pornography:</u>
<u>Visual Depiction of Sexually Explicit Conduct</u>

The third element of Count Three that the government must prove beyond a reasonable doubt is that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, as I have already explained that term to you, and portrays that minor engaged in that conduct.

The visual depiction must be of a real person under the age of eighteen engaging in sexually explicit conduct.  The government does not have to prove the identity of the minor or the exact age of the minor.

<u>See</u> Sand et al., Modern Federal Jury Instructions, § 62-22.

23

REQUEST NO. 18

Fourth Element of Possession of Child Pornography:
Defendant Acted Knowingly

The fourth element of Count Three that the government must prove beyond a reasonable doubt is that the defendant knew both that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and that it portrayed a minor engaged in that conduct.

You have already been instructed on the meaning of "knowingly."

See Sand et al., Modern Federal Jury Instructions, § 62-24.

24

<u>REQUEST NO. 19</u>

<u>No Duty to Call All Witnesses to an Event</u>

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require the government to produce as exhibits all papers and other items mentioned during the course of the trial.

> Adapted from the charge of the Honorable Kiyo A. Matsumoto in <u>United States v. Barret, et al.</u>, 10-CR-809 (E.D.N.Y.) and the Honorable Sterling Johnson in <u>United States v. Scalisi</u>, 10-CR-46 (E.D.N.Y.).

REQUEST NO. 20

Dates Approximate

The indictment charges "on or about" certain dates.  The proof need not establish with certainty the exact date of the alleged offenses.  It is sufficient if the evidence establishes beyond a reasonable doubt that an offense was committed on a date reasonably near the date alleged.

Adapted from E. Devitt & C. Blackmar, Federal Jury Practice and Instructions, § 13.05.

## REQUEST NO. 21

### Expert Testimony

You have heard testimony from persons described as experts.  Experts are witnesses who by education, experience, or training have acquired learning or experience in a science or a specialized area of knowledge.  Such witnesses are permitted to give their opinions as to relevant matters in which they profess to be experts and give their reasons for their opinions.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Your role in judging credibility applies to experts as well as to other witnesses.  You should judge this testimony in the same way that you judge the testimony of any other witness.  The fact that such a person has given an opinion does not mean that you are required to accept it.  In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education, training and experience, the soundness of the reasons given for the opinion and all other evidence in the case.  You should consider the expert opinions which were received in evidence in this case and give them as much or as little weight as you think they deserve.  If you should decide that the opinion of an expert was not based on sufficient education, experience, or sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, then you may disregard the opinion of the expert.  Furthermore, if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find the opinion of an expert is based on sufficient data, education, training and experience, and the other evidence does not give you reason to doubt his conclusions, you would be justified in placing great reliance on his testimony.

> Adapted from the charge of the Honorable Pierre N. Leval in <u>United States v. Mucciante</u>, No. 91-CR-403 (S.D.N.Y.); the Honorable Michael B. Mukasey in <u>United States v. Mensah</u>, No. 91-CR-705 (S..D.N.Y.); <u>see also</u> Sand, Modern Federal Jury Instructions, §7.21.

<u>REQUEST NO. 22</u>

<u>Punishment</u>

I instruct you that the question of possible punishment of the defendant is of no concern to the jury and should not, in any way, enter into or influence your deliberations. The duty of imposing sentence rests exclusively with the court. Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment that may be imposed upon the defendant, if he is convicted, to influence your verdict in any way, or in any sense enter into your deliberations.

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

<u>See</u> Sand et al., Modern Federal Jury Instructions, § 7-4.

29

<u>CONCLUSION</u>

The government respectfully requests that the Court include the foregoing in its

instructions to the jury. In addition, the government requests the opportunity to submit further

instructions or amend those submitted as appropriate.

Dated:  Brooklyn, New York
        June 26, 2017

                                              Respectfully submitted,

                                              BRIDGET M. ROHDE
                                              Acting United States Attorney

                                      By:     _/s/ Drew G. Rolle_____
                                              Drew G. Rolle
                                              Assistant U.S. Attorney
                                              (718) 254-6783


cc:     Clerk of the Court (JBW) (by ECF)
        Samuel I. Jacobson, Esq. (by ECF)