UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------- X **Docket#**
UNITED STATES OF AMERICA,        : 16-cr-376(JBW)(JO)
                                 :
        - versus -               : U.S. Courthouse
                                 : Brooklyn, NY
ARROYO,                          :
              Defendant          : June 29, 2017
----------------------------X


TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
BEFORE THE HONORABLE JAMES ORENSTEIN
UNITED STATES MAGISTRATE JUDGE

**A   P   P   E   A   R   A   N   C   E   S:**


**For the Government:**          **Bridget M. Rohde, Esq.**
                                 United States Attorney

                                 **Drew Godfrey Rolle, Esq.**
                                 Assistant U.S. Attorney
                                 271 Cadman Plaza East
                                 Brooklyn, NY 11201


**For the Defendant:**           **Samuel Jacobson, Esq.**
                                 Federal Defenders of New York
                                 One Pierrepont Plaza
                                 16th Floor
                                 Brooklyn, NY 11201


**Transcription Service:**       **Transcriptions Plus II, Inc.**
                                 61 Beatrice Avenue
                                 West Islip, NY 11795
                                 rl.transcriptions2@gmail.com

                                 BY: Theresa Roof



Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

2

Proceedings

1          THE COURT:  This is for Arroyo, docket 16-cr-

2    376 United States of America v Arroyo.

3          Counsel, can you state your appearances for the

4    record please.

5          MR. ROLLE:  Good afternoon your Honor, Drew

6    Rolle for the United States and with me at counsel's

7    table is Special Agent Leslie Adomcheck(ph) of the FBI.

8          THE COURT:  Good afternoon to you both.

9          MR. JACOBSON:  Good afternoon, your Honor.  Sam

10   Jacobson, Federal Defenders on behalf of Chris Arroyo,

11   who is present next to me.  We're joined by Rachel

12   Bass(ph), a paralegal in our office.

13         THE COURT:  Good afternoon to all of you.

14         I understand, Mr. Jacobson, that your client

15   wishes to waive indictment and plead guilty to a

16   superceding information pursuant to an agreement with the

17   government.  Is that correct?

18         MR. JACOBSON:  That is correct, your Honor.

19         THE COURT:  All right.

20         Mr. Arroyo, if you're going to plead guilty to

21   a crime today there's some

22   cer -- there's some things I have to explain to you and

23   some questions I have to ask.  Your answers must be

24   truthful.  So I'm going to ask you to stand for a moment

25   so that I can swear you in.

3

Proceedings

1    C H R I S T O P H E R   A R R O Y O, called as a witness,

2    having been first duly sworn, testifies as follows:

3              THE COURT:  Now, Mr. Arroyo, now that you've

4    sworn to tell the truth, you must tell the truth.  If you

5    were deliberately to lie in response to any of my

6    questions, you could face additional criminal charges for

7    perjury.  Do you understand that?

8              THE DEFENDANT:  Yes.

9              THE COURT:  Okay.  And you're going to have to

10   answer out loud each time.  Why don't you pull that

11   microphone a little closer to you.  We make an audio

12   recording of it so we need to make sure we can hear

13   you.  Okay.

14             So, it's very important that you understand my

15   questions.  If you need me to repeat or explain anything,

16   just let me know.  Will you do that?

17             THE DEFENDANT:  Yes.

18             THE COURT:  And if you need time to confer with

19   your lawyer, let me know that, I'll give you as much time

20   as you like.  Do you understand that?

21             THE DEFENDANT:  Yes, I do.

22             THE COURT:  Okay.  Now I've got a few documents

23   here that appear to have your signature.  There's a one

24   page document called the consent form, there's another

25   one page document that's called a waiver of indictment

4

Proceedings

1  and then there's a multiple page document that appears to

2  be your agreement with the government.  I've held each

3  one up for you.  Did you sign these documents just --

4              THE DEFENDANT:  Yes.

5              THE COURT:  -- now?

6              Okay.  Did you read and understand these

7  documents before you signed them?

8              THE DEFENDANT:  Yes.

9              THE COURT:  I'm going to go through with -- go

10  through them with you individually as we go on.  But a

11  couple of preliminary things.  First of all, Mr. Rolle,

12  has the government notified any identified victims of the

13  charged offense of today's proceeding?

14              MR. ROLLE:  Yes, your Honor, we have.  We have

15  identified all of the identified victims of today's

16  proceedings.

17              THE COURT:  Okay.  And has any victim expressed

18  a desire to be heard?

19              MR. ROLLE:  They have not, your Honor.  Let me

20  confer with the special agent --

21              THE COURT:  Okay.

22              MR. ROLLE:  -- that spoke directly with them.

23  (Pause)

24              MR. ROLLE:  They have expressed a desire to

25  speak at sentencing, your Honor.

5

Proceedings

1       THE COURT:  Okay.  As long as they're aware of

2  that opportunity.  And of course, there are other people

3  here in the courtroom, I won't ask you to identify

4  yourselves, of course, but if there's anybody here who

5  believes him -- himself or herself to be a victim of the

6  offenses in this case, you are free to be heard as to

7  whether the plea should be accepted.  And please speak up

8  and I'll give you an opportunity to be heard.

9       MR. JACOBSON:  Your Honor, if I could briefly

10 just notify the court that Mr. Arroyo's mother, Debbie

11 Medina(ph), is in the audience.

12       THE COURT:  All right.  That's fine and I don't

13 need to identify people, I just want to make sure that if

14 there's a victim here, they have a right to be heard.

15       All right.  Now, Mr. Arroyo, I need to make

16 sure you're competent to waive your rights so please tell

17 me how old are you?

18       THE DEFENDANT:  Twenty-six.

19       THE COURT:  How far did you go in school?

20       THE DEFENDANT:  Uh, some college.  Two

21 different colleges.

22       THE COURT:  Are you now or have you recently

23 been under the care of a doctor or a psychiatrist for any

24 reason?

25       THE DEFENDANT:  Uh -- recent, yeah.  Recently,

6

Proceedings

1  yeah.

2          THE COURT:  Okay.  Tell me what kind of care

3  you've been receiving.  And I --

4          THE DEFENDANT:  Uh --

5          THE COURT:  I don't mean to pry but I need to

6  -- I need to ask these questions to make sure that you're

7  able to understand your rights and make an intelligent

8  decision about whether to give them up.  So sorry for

9  asking prying -- private questions.  But tell me what

10 kind of care you're receiving.

11         THE DEFENDANT:  Uh -- medication.  Like,

12 antidepressants.

13         THE COURT:  Antidepressants?  Okay.  How

14 recently have you taken them?

15         THE DEFENDANT:  Once a day.

16         THE COURT:  Once a day.  Does it affect your

17 ability to concentrate, to focus, to think clearly?

18         THE DEFENDANT:  Uh -- it helps me a little bit.

19 In my emotions.

20         THE COURT:  Okay.

21         THE DEFENDANT:  And how I feel.

22         THE COURT:  You know, the reason I ask these

23 questions is to make sure that you're able to understand

24 what's going on and to make an intelligent decision.

25 You're the best judge of that.  Have you had any -- when

7

Proceedings

1   you take the medication, does it affect your ability to

2   concentrate or to think clearly, do you think?

3            THE DEFENDANT:  No.

4            THE COURT:  Mr. Jacobson, were you -- I thought

5   you were about to say something.  Okay.

6            When did you last take your medication?

7            THE DEFENDANT:  Last night.

8            THE COURT:  Okay.  Aside from your

9   antidepressant medication, in the last 24 hours have you

10  had any pill or drug or medicine or alcohol?

11           THE DEFENDANT:  No.

12           THE COURT:  Have you ever been hospitalized or

13  treated in any way for addiction or substance abuse

14  problems?

15           THE DEFENDANT:  No.

16           THE COURT:  Are you -- is your mind clear right

17  now?

18           THE DEFENDANT:  Yes.

19           THE COURT:  Have you had any difficulty

20  understanding my questions so far?

21           THE DEFENDANT:  No.

22           THE COURT:  Mr. Jacobson, have you discussed

23  the matter of a guilty plea with your client?

24           MR. JACOBSON:  I have, your Honor.

25           THE COURT:  In your view, does he understand

8

Proceedings

1  the rights he would waive by pleading guilty?

2        MR. JACOBSON:  He does.

3        THE COURT:  And do you have any reason to

4  question your client's competence to proceed today?

5        MR. JACOBSON:  No, I don't.

6        THE COURT:  All right.  Now, Mr. Arroyo, let's

7  turn to this one page consent form that you signed.  I

8  want to explain that to you.

9        I'm what's called a magistrate judge.  Your

10  case is assigned to a higher ranking judge named Judge

11  Weinstein.  The most important difference between us for

12  today's purpose is that if you are convicted of a crime

13  in this case, it's Judge Weinstein and not me, who's

14  going to decide what your sentence will be.  You

15  understand that?

16        THE DEFENDANT:  Uh-um.

17        THE COURT:  So for that reason, you might

18  prefer to have Judge Weinstein listen to your plea in

19  person.  And you have every right to do that if you want.

20  If that's what you prefer, we'll find a time when Judge

21  Weinstein is available and no harm will come to you from

22  making that decision.   You understand that?

23        THE DEFENDANT:  I understand.

24        THE COURT:  Okay.  If you understand that you

25  have that right and you're willing to waive it, I'll

9

Proceedings

1  listen to your plea today.  As I mentioned earlier, we're

2  making an audio recording of everything that's being said

3  here.  Judge Weinstein will read a transcript of today's

4  proceeding, before he decides whether to accept your plea

5  and before he decides what your sentence should be.  You

6  understand that?

7              THE DEFENDANT:  Yes.

8              THE COURT:  Are you willing to waive your right

9  to proceed before Judge Weinstein just for today's

10 purpose and instead have me conduct the proceeding?

11             THE DEFENDANT:  Yes.

12             THE COURT:  And is that what you intended by

13 signing this consent form?

14             THE DEFENDANT:  Yes.

15             THE COURT:  All right.  Next, I want to talk

16 with you about this waiver of indictment form that you

17 signed.  And to discuss that, we have to take a look at

18 the document called the "superceding information" that

19 the government wants to file.  Have you seen this

20 document?  You have it there with you?

21             THE DEFENDANT:  Yeah.

22             THE COURT:  Okay.  Now, this superceding

23 information alleges that you committed a crime described

24 as coercion and enticement of a minor to engage in

25 illegal sexual activity.  Now, have you had a chance to

Proceedings

1  read the document?

2            THE DEFENDANT:  Yes.

3            THE COURT:  Do you feel that you understand the

4  charge there?

5            THE DEFENDANT:  Yes.

6            THE COURT:  As we go forward, I'll explain this

7  charge in a little more detail but for right now I want

8  to make sure that you understand that crime that's

9  charged in the superceding information is a felony, which

10 means that it can be punished by more than a year in

11 prison.  Because it's a felony, you have the right not to

12 be prosecuted for that crime unless a grand jury finds

13 probable cause to bring that charge against you in what's

14 called an "indictment."  Now, an information or the

15 superceding information, the kind of document we have

16 here, that's just an accusation that was written down by

17 the prosecutor.  And the prosecutor didn't have to go

18 before a grand jury and show probable cause before filing

19 this document.  You understand that?

20           THE DEFENDANT:  Yes.

21           THE COURT:  Now, a grand jury is a group of 16

22 to 23 citizens.  And before they could vote to indict

23 you, at least 12 of them would have to agree that there's

24 probable cause to believe that you committed the charged

25 offense.  So if you don't waive your right to have the

Proceedings

1   grand jury consider your case, the prosecutor cannot

2   simply use this information to prosecute you, instead he

3   would have to go before the grand jury and he might or

4   might not decide to do that.  If the prosecutor did

5   decide to present the case to the grand jury, the grand

6   jury might or might not decide to indict you.  So if you

7   waive your right to have the grand jury consider your

8   case, we'll proceed on the basis of this information that

9   was written by the prosecutor and it will be as if you

10  had been indicted on that charge by the grand jury.

11              Have you discussed waiving your right to the

12  grand jury with your attorney?

13              THE DEFENDANT:  Yes.

14              THE COURT:  All right.  Do you understand your

15  right to have the grand jury consider your case?

16              THE DEFENDANT:  Yes.

17              THE COURT:  And we'll talk about the agreement

18  document that you have but other than the promises that

19  are written down in this agreement that you've made with

20  the government, has anyone promised you anything to waive

21  your right to grand jury consideration?

22              THE DEFENDANT:  No.

23              THE COURT:  And are you waiving your right to

24  grand jury consideration because of any threat or force?

25              THE DEFENDANT:  No, no.

Proceedings

12

1      THE COURT:  Okay.  Do you wish to give up your

2 right to indictment by the grand jury and instead allow

3 the prosecutor to file an information against you?

4      THE DEFENDANT:  Yes.

5      THE COURT:  And is that what you intended by

6 signing this consent form?

7      THE DEFENDANT:  Yes.

8      THE COURT:  Mr. Jacobson, is there any legal

9 reason why your client should not waive indictment?

10      MR. JACOBSON:  No, your Honor.

11      THE COURT:  All right.  Now, I said I would

12 talk about the specifics of the offense in a little more

13 detail.  Let's do that now.

14      The government would have to prove several

15 facts beyond a reasonable doubt to prove you guilty of

16 the offense charged in the superceding information.

17 They'd have to prove that you used the internet or an

18 internet application and that you used it to persuade or

19 to induce or entice or to coerce somebody who is under

20 the age of 18 to engage in sexual activity in a way that

21 would violate New York State Law, specifically by

22 constituting the crime of promoting sexual performance by

23 a child.  They'd have to prove that you used the internet

24 or the internet app to produce this effect, knowingly and

25 intentionally.  Not as the result as some sort of

13

Proceedings

1   accident or mistake.  They'd have to do -- they'd have to

2   prove that you engaged in this conduct at some point

3   during the period charged in the superceding information

4   between 2012 and 2015 and they'd have to prove that you

5   engaged in at least some of this conduct within the

6   Eastern District of New York, which is a geographical

7   area that includes all of Brooklyn, Queens, Staten Island

8   and Long Island.  Do you feel that you understand, so

9   far, what the government would have to prove to convict

10  you of this offense?

11              THE DEFENDANT:  Yes.

12              THE COURT:  And Mr. Rolle, have I omitted or

13  misstated any of the essential elements of the offense?

14              MR. ROLLE:  You have not, your Honor.

15              THE COURT:  All right.  So let me just check in

16  case I forgot to ask.  Mr. Arroyo, do you feel that you

17  understand what the government would have to prove to

18  convict you of this offense?

19              THE DEFENDANT:  Yes.

20              THE COURT:  Now, you have the right to plead

21  not guilty and make the government prove all of those

22  facts.  You understand that?

23              THE DEFENDANT:  Yes.

24              THE COURT:  If you plead not guilty, under our

25  constitution, you'll be entitled to a speedy and public

14

Proceedings

1    trial by a jury with the assistance of counsel on that

2    charge.  Do you understand that?

3              THE DEFENDANT:  Yes.

4              THE COURT:  Since you can't afford private

5    counsel, the court has appointed Mr. Jacobson to

6    represent you.  And he will represent you at every stage

7    of this proceeding.  He'll represent you at trial if you

8    want a trial, he'll represent you at sentencing if you're

9    found guilty and he'll represent you on appeal if you

10   wish to challenge your conviction or sentence.  And if

11   for any reason he becomes unavailable, another lawyer

12   will be appointed to take his place and all of that would

13   be at not cost to you.  You understand that?

14             THE DEFENDANT:  Yes.

15             THE COURT:  And at the trial, the government

16   would have to bring its witnesses to court so that -- I'm

17   sorry, I jumped ahead for a moment.  Before I get to

18   that, at a trial, you would be presumed innocent and the

19   government would have to overcome that presumption and

20   prove you're guilty beyond a reasonable doubt.  You

21   wouldn't have to prove your innocence.  If the government

22   failed to prove your guilt beyond a reasonable doubt, the

23   jury would have a duty to find you not guilty.  Do you

24   understand that?

25             THE DEFENDANT:  Yes.

Proceedings

1          THE COURT:  At the trial, the government would

2     have to bring its witnesses to court so they could

3     testify in your presence.  Your attorney would have the

4     right to cross-examine those witnesses.  He could object

5     to any evidence that the government tried to offer

6     against you and he could offer evidence in your behalf if

7     he thought there was evidence that might assist you.

8          Your attorney could also compel witnesses to

9     whom you wish to call to appear at the trial.  Understand

10    all of that?

11         THE DEFENDANT:  Yes.

12         THE COURT:  You would also have the right to

13    testify in your own behalf if you wish to do so at the

14    trial but you couldn't be forced to be a witness and

15    that's because under our constitution, no one can be

16    forced to testify against themself.  So if you decided to

17    go to trial and you decided not to testify, the judge

18    would tell the jurors that they must not consider your

19    silence in deliberating on their verdict.  Do you

20    understand that?

21         THE DEFENDANT:  Yes.

22         THE COURT:  Now, if you plead guilty and if

23    based on my recommendation the court accepts that plea,

24    you'll be giving up your right to a trial and the other

25    rights that we've discussed.  There won't be a trial.

16

Proceedings

1   You'll simply be found guilty on the basis of your plea

2   and you won't ever be able to challenge that finding of

3   guilt.  Not in an appeal in this case, not some later

4   case, not ever.  The question of your guilt would be

5   settled for all time.  You understand that?

6          THE DEFENDANT:  I understand.

7          THE COURT:  You should also understand that if

8   you decide to plead guilty, I'm going to have to ask you

9   some questions about what you did that makes you think

10  you've committed this offense.  If you decide to answer

11  my questions and admit that you committed the crime

12  charged in the superceding information, you'll be giving

13  up your right not to be a witness against yourself.  You

14  understand that?

15         THE DEFENDANT:  I understand.

16         THE COURT:  Are you willing to give up your

17  right to a trial and the other rights that we've

18  discussed?

19         THE DEFENDANT:  Yes.

20         THE COURT:  All right.  Then, let's turn next

21  to the agreement document.  Do you have it in front of

22  you?  Do you have --

23         MR. JACOBSON:  We do, your Honor.

24         THE COURT:  -- the agreement?

25         All right.  I have the original document as I

17

Proceedings

1   mentioned up here.  If you want to take a look at it at

2   any point while we're discussing it Mr. Arroyo, let me

3   know that and I'll bring it down to you.  Okay?

4            THE DEFENDANT:  Okay.

5            THE COURT:  All right.  Now, is this document

6   that I've got, the one with your signature on it, is

7   that, in fact, your agreement with the government?

8            THE DEFENDANT:  Yes.

9            THE COURT:  I'm not going to go through it line

10  by line with you because I don't want to give you the

11  wrong idea that there's any one part of it that's more

12  important or less important than any other.  As far as I

13  can tell from looking at the document, it's the whole

14  thing that is your agreement with the government.  Is

15  that your understanding?

16           THE DEFENDANT:  Yes.

17           THE COURT:  Do you think the government has

18  made you any promise that is not written down in this

19  document?

20           THE DEFENDANT:  No.

21           THE COURT:  All right.  And Mr. Jacobson, is

22  that your understanding as well?

23           MR. JACOBSON:  It is.

24           THE COURT:  Mr. Rolle, is it your

25  understanding?

Case 1:16-cr-00376-JBW   Document 38   Filed 08/24/17   Page 18 of 33 PageID #: 196

Proceedings

1          MR. ROLLE:  Yes, it is, your Honor.

2          THE COURT:  All right.  Then, let's talk next,

3  Mr. Arroyo, about what could happen at sentencing.

4          If you're found guilty of the crime charged in

5  the superceding information, the court could sentence you

6  to spend the rest of your life in prison.  You understand

7  that?

8          THE DEFENDANT:  I understand.

9          THE COURT:  Under normal circumstances, the

10  court must impose a sentence of at least 10 years in

11  prison.  Do you understand that?

12          THE DEFENDANT:  Yes.

13          THE COURT:  In addition to prison, the court

14  must also impose a term of what's called supervised

15  release of at least five years and possibly as long as

16  the rest of your life.  What that means is, upon your

17  release from prison, if you're released from prison, you

18  would be supervised and you'd have to obey certain

19  conditions.  And if during that period of supervision of

20  at least five years and possibly as long as the rest of

21  your life, if you were to violate any of the conditions

22  of your release, you could be sent back to prison for up

23  to five years, without credit for the time that you'd

24  already be released and under supervision and without

25  credit for the time that you'd already been in prison.

Proceedings

1    Do you understand that?

2            THE DEFENDANT:  I understand.

3            THE COURT:  I just need to take a look at one

4    provision here.

5    (Pause in the proceedings)

6            THE COURT:  In addition, if the violation is

7    a -- if the violation of the conditions of your release

8    involves the commission of a criminal offense, under

9    certain provisions of the United States Code that are

10   written down in your plea agreement, you see them there

11   in paragraph 1c at the bottom of page one?

12           THE DEFENDANT:  Uh -- yeah.

13           THE COURT:  Okay.  If that's the violation and

14   it's a violation that constitutes a crime for which a

15   prison term of more than one year can be imposed, the

16   sentence with a violation of supervised release would

17   have to be at least five years and could be up to the

18   rest of your life.  Do you understand that?

19           THE DEFENDANT:  I understand.

20           THE COURT:  All right.  In addition to prison

21   and supervised release, the court can impose a monetary

22   fine of up to $250,000.  Do you understand that?

23           THE DEFENDANT:  I understand.

24           THE COURT:  In addition to the prison time and

25   supervised release and the fine, the court must also

20

Proceedings

1   require you as part of the sentence to pay restitution to
2   any victim of the offense.  Do you understand that?
3           THE DEFENDANT:  I understand.
4           THE COURT:  Now, restitution means you're
5   making the victim whole for any losses he or she has
6   suffered and the court's going to have to determine the
7   amount of restitution that you'll owe.  I can't tell you
8   today what it might be.  Now, some people might not want
9   to plead guilty if they didn't know the worst that can
10  happen to them at sentencing.  And if that's how you
11  feel about it, don't plead guilty today.  Because I'm not
12  in a position to tell you what the maximum amount of
13  restitution might be.  Do you understand that?
14          THE DEFENDANT:  Yes.
15          THE COURT:  Do you wish to proceed with a
16  guilty plea even though I can't tell you the amount of
17  restitution?
18          THE DEFENDANT:  I wish to proceed.
19          THE COURT:  Okay.  In addition to everything
20  else I've already told you about, the court must impose
21  two forms of what's called a special assessment.  The
22  special assessment that is normally imposed on every
23  defendant who is found guilty of a crime in the amount of
24  $100 and an additional special assessment for this
25  particular offense, in the amount of $5000.  Do you

21

Proceedings

1    understand that?

2            THE DEFENDANT:  Yes.

3            THE COURT:  In addition to everything else I've

4    already talked about, there are two other consequences of

5    a conviction that you should know about.

6            First, you'll be required to register as a sex

7    offender.  Do you understand that?

8            THE DEFENDANT:  I understand.

9            THE COURT:  And finally, in addition to

10   everything else I've already told you about, the court

11   can order you to sentence -- to forfeit certain property

12   and there's specific items of property that you've agreed

13   to, to have forfeited and they're listed on pages five

14   and six.  You understand that?

15           THE DEFENDANT:  Yes.

16           THE COURT:  All right.  Do you feel you

17   understand what could happen to you at sentencing?

18           THE DEFENDANT:  Uh --

19           THE COURT:  I've tried to tell you all of the

20   things that could happen at sentencing.  Prison and then

21   supervised release --

22           THE DEFENDANT:  Yeah.

23           THE COURT:  -- the fines, the special

24   assessment, restitution, registering as a sex offender,

25   the forfeiture.  You feel you understand all of that?

22

Proceedings

1          THE DEFENDANT:  Yes.

2          THE COURT:  Okay.  And Mr. Rolle, have I

3   omitted or misstated any of the sentencing possibilities?

4          MR. ROLLE:  You have not, your Honor.

5          THE COURT:  Okay.  So let's talk next, Mr.

6   Arroyo, about how the judge will go about choosing the

7   sentence.  And the first thing we should discuss about

8   that is the federal sentencing guidelines.  Have you

9   discussed those with your attorney?  The federal

10  sentencing guidelines?

11         THE DEFENDANT:  Yeah.

12         THE COURT:  Okay.  Now, I see in your plea

13  agreement that the prosecutor's office has provided its

14  estimate of how the calcu -- how the guidelines will be

15  calculated in this case and what the result will be.  And

16  I'm sure the prosecutor tried to be accurate in doing

17  that.  But what you must understand is that any

18  calculation or estimate of the guidelines that you may

19  have seen or heard about, whether it comes from the

20  prosecutor or your attorney or anyone else, it may be

21  incorrect.  And that's because the only calculation of

22  the guidelines that's going to count in this case is the

23  one that the judge will do at the time of your

24  sentencing.  Do you understand that?

25         THE DEFENDANT:  I understand.

23

Proceedings

1       THE COURT:  The way these guidelines work is,

2  they help the judge consider a sentence by coming up with

3  two numbers.  The first number measures the seriousness

4  of the offense.  So for example, in a case like this one,

5  the age of the victim can affect the first score.  The

6  second score measures your own background and how -- if

7  you've got any criminal convictions so that conviction in

8  your past would affect that sentence score.  With those

9  two scores, the judge can look up a box in a table that

10 corresponds to those two numbers and written down in that

11 box is a range of months.  And that's the recommended

12 sentencing guideline range for your case.  Do you

13 understand how it works?

14       THE DEFENDANT:  Yes.

15       THE COURT:  Now, the judge must consider

16 imposing a sentence within that recommended range.  But

17 the judge could also impose a more severe or a more

18 lenient sentence.  And in making that decision, the judge

19 is going to have to take into consideration the

20 circumstances of the offense and your background and the

21 need to promote respect for the law, the need to impose a

22 just punishment on you, the need to deter you and others

23 from committing crimes in the future and any need that

24 you may have for effective correctional treatment.  The

25 judge will take all of that into consideration and impose

24

Proceedings

1   a sentence that he thinks to be fair under all of those

2   circumstances.  You understand?

3            THE DEFENDANT:  I understand.

4            THE COURT:  To help the judge do that, the

5   probation department is going to write a report.  And as

6   they prepare that report, they'll want to interview you

7   and have your attorney present for the interview.

8   They'll probably talk to the government and perhaps a

9   victim, if there's more than one victim they'll talk to

10  all of them, I'm sure.  They may talk to others as well.

11  And they'll write a report that has information about

12  your background and about what happened in this case.

13  They will have a discussion of the law that applies and

14  it will have a calculation of the sentencing guidelines.

15  And you'll have a chance to read that report and review

16  it with your attorney before your sentence.  You

17  understand?

18           THE DEFENDANT:  I understand.

19           THE COURT:  You may not like what you see in

20  the report.  You may think that it's inaccurate or unfair

21  in some way, you may think that it gets the law wrong or

22  you may think it gets the guidelines wrong.  None of that

23  will be a reason to take back your guilty plea.  You

24  understand that?

25           THE DEFENDANT:  I understand.

25

Proceedings

1      THE COURT:  What you can do if there's a

2  problem with the probation report is object to it and

3  your attorney will help you file those objections.  The

4  judge will hear arguments from your attorney and from the

5  government about those objections and then he'll rule on

6  them.  Then he'll listen to you and your attorney and the

7  prosecutor, perhaps to listen to victims as well, perhaps

8  others as well about what the sentence should be.  And

9  then the judge will calculate the sentencing guidelines

10  that apply in this case and then the judge will impose a

11  sentence on you.  Do you understand that process?

12      THE DEFENDANT:  I understand.

13      THE COURT:  Now, at any step along the way in

14  that process I just described, you may think that the

15  judge makes a mistake of some sort.  You may think he --

16  that he acts unfairly or he gets the facts, the law

17  wrong, you may think he gets the guidelines wrong, again,

18  none of that will be a reason to take back your guilty

19  plea.  Do you understand that?

20      THE DEFENDANT:  I understand.

21      THE COURT:  Now, normally if the judge were to

22  make a mistake in sentencing you, you could appeal the

23  sentence to a higher court.  You wouldn't be able to

24  challenge the finding of guilt on appeal if you had

25  pleaded guilty.  But even after a guilty plea, you would

26

Proceedings

1   have the right normally to appeal an unlawful sentence.

2   You understand that?

3           THE DEFENDANT:  Yes.

4           THE COURT:  However, I do see in your plea

5   agreement, you've agreed that as long as the court

6   imposes a term of imprisonment of 151 months or less,

7   you're not going to appeal the sentence or challenge it

8   in some later case.  You're going to accept the sentence.

9   Is that your understanding as well?

10          THE DEFENDANT:  Yes.

11          THE COURT:  By making that a part of your

12  agreement, you're giving up part of the right that you

13  would otherwise have to appeal an unlawful sentence.  Is

14  it your intention to give up that part of your right to

15  appeal?

16          THE DEFENDANT:  Yes.

17          THE COURT:  All right.  Is there any question

18  that you'd like to ask me about the charge in this case,

19  about your rights, about the sentencing possibilities or

20  anything at all?

21          THE DEFENDANT:  No.

22          THE COURT:  I want to give you another chance

23  to respond to that and the reason I do that is that

24  people do sometimes change their mind about sent -- about

25  pleading guilty.  And I just want to be sure that you

27

Proceedings

1  understand that if you do plead guilty today and you come

2  back later and ask to withdraw your plea, the prosecutor

3  is going to argue that you shouldn't be allowed to do so

4  because today you said you understood what you were

5  doing.  And he might very well win that argument.  So if

6  there's anything that you need to think about or ask

7  about before making this decision, now's the time to do

8  it because later it may be too late.  Do you understand

9  that?

10           THE DEFENDANT:  Yes.

11           THE COURT:  And is there anything at all that

12  you'd like to ask me?

13           THE DEFENDANT:  No.

14           THE COURT:  Okay.  Is there any -- do you want

15  more time to think about your decision or to discuss it

16  with your attorney?

17           THE DEFENDANT:  No.

18           THE COURT:  Ready to proceed?

19           THE DEFENDANT:  Yes.

20           THE COURT:  Okay.  Mr. Jacobson, is there any

21  legal reason why your client should not plead guilty?

22           MR. JACOBSON:  No, your Honor.

23           THE COURT:  Mr. Arroyo, are you satisfied with

24  the legal representation you have received up until now?

25           THE DEFENDANT:  Yes.

28

Proceedings

1          THE COURT:  And tell me, please, how do you

2    plead to the sole charge of the superceding information,

3    accusing you of coercion and enticement of a minor to

4    engage in illegal sexual activity, "guilty" or "not

5    guilty?"

6              THE DEFENDANT:  Guilty.

7          THE COURT:  Are you making this plea of guilty

8    voluntarily and of your own free will?

9              THE DEFENDANT:  Yes.

10         THE COURT:  Has anyone threatened or forced you

11   to plead guilty?

12             THE DEFENDANT:  No.

13         THE COURT:  Other than the promises that are

14   written down in your agreement with the government, has

15   anyone made any promise that is causing you to plead

16   guilty?

17             THE DEFENDANT:  No.

18         THE COURT:  Has anyone made any promise about

19   what your sentence will be?

20             THE DEFENDANT:  No.

21         THE COURT:  Okay.  You seem to hesitate, do you

22   have some uncertainty about that?

23             THE DEFENDANT:  I'm sure.

24         THE COURT:  You're sure.  Okay.

25             So then, tell me please, in your own words,

29

Proceedings

1   what you did that makes you feel that you've committed

2   this offense.

3            THE DEFENDANT:  Between 2012 and 2015, I was

4   communicating with a girl on the internet.  I knew she

5   was under the age of 18.  Through the internet chat

6   program I asked her to send me naked pictures of her.  I

7   was at Queens, New York at the time.

8            THE COURT:  All right.  The statute requires

9   the government to prove that what you enticed or

10  persuaded or induced the person to do would constitute

11  promoting sexual performance by a child.

12           First of all, how did -- did you ask the person

13  to do this?

14           THE DEFENDANT:  Yes.

15           THE COURT:  To send you the pictures?  Okay.

16           Mr. Rolle, can you tell me about whether

17  sending the picture that Mr. Arroyo has described

18  constitutes perform -- promoting a sexual performance by

19  a child.

20           MR. ROLLE:  Yes, Judge.  The government would

21  be prepared at trial and proffers now that the defendant,

22  in the time frame that he's allocuted to, asked the

23  victim to send sexually explicit images, images of her

24  genitalia and to engage in mutually -- mutual

25  masturbation via the internet which would qualify as a

Proceedings

1   violation of New York State Penal Law Section 263.15.

2           THE COURT:  Okay.  Mr. Arroyo, did you hear

3   what Mr. Rolle said about what the government would prove

4   at trial?

5           THE DEFENDANT:  Yes.

6           THE COURT:  Are those facts true?

7           THE DEFENDANT:  Yes.

8           THE COURT:  Okay.  Mr. Rolle, is there anything

9   further that you think I should elicit or that you'd like

10  to proffer?

11          MR. ROLLE:  I believe we did cover it, your

12  Honor but I may have missed it, that the defendant

13  engaged in this conduct in the Eastern District.

14          THE COURT:  Yes, you said you were in Queens

15  when you asked the person to send these photos, correct?

16          THE DEFENDANT:  Yes.

17          THE COURT:  All right.

18          MR. ROLLE:  Thank you, Judge.

19          THE COURT:  Anything further?

20          MR. ROLLE:  No, Judge.

21          THE COURT:  And Mr. Rolle, do you agree with me

22  that the allocution now satisfies all of the essential

23  elements of the charged offense?

24          MR. ROLLE:  I do, your Honor.

25          THE COURT:  Do you think there's anything

31
                         Proceedings

1  further I should discuss with Mr. Arroyo pursuant to Rule

2  11?

3            MR. ROLLE:  No, Judge, I believe we've covered

4  everything.

5            THE COURT:  Mr. Jacobson, is there anything

6  further you think I'm supposed to cover under Rule 11?

7            MR. JACOBSON:  No, your Honor, I believe it's

8  sufficient.

9            THE COURT:  All right.

10           Well, based on what I've heard today, I find

11 that Mr. Arroyo is competent to proceed.  I find that

12 he's acting voluntarily, that his plea did not result

13 from any force or threats or undisclosed promises.  I

14 find that he fully understands his rights and the

15 potential consequences of his plea and that there's a

16 factual basis for his plea of guilty.

17           I therefore respectfully recommend that the

18 court accept Mr. Arroyo's plea of guilty to the sole

19 charge in the superseding information.

20           I'm going to ask all of you to convene before

21 Judge Weinstein for sentencing proceeding on September

22 21, 2017 at 10:00 in the morning.

23           I'm going to return to the government for safe

24 keeping the signed original plea agreement.

25           Is there anything else for today folks?

32

Proceedings

1          MR. ROLLE:  Nothing from the government, your

2    Honor.

3          MR. JACOBSON:  Not from Mr. Arroyo, thank you.

4          THE COURT:  Thank you all.  Have a very good

5    day and good luck to you sir.

6          (Matter concluded as of this date)

7                       -o0o-

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

33

# C E R T I F I C A T E

I, ROSALIE LOMBARDI, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this 16th day of August, 2017.



Rosalie Lombardi
Transcription Plus II