FR:BGK
F. #2016R00461

```
FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 09 2018 ★
BROOKLYN OFFICE
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

CHRISTOPHER ARROYO,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

~~PRELIMINARY~~ ORDER
OF FORFEITURE

16 CR 376 (S-1)(JBW)

        WHEREAS, on or about June 29, 2017, CHRISTOPHER ARROYO, (the "defendant"), entered a plea of guilty to the offense charged in Count One of the above-captioned Superseding Information, charging a violation of 18 U.S.C. 2422(b); and

        WHEREAS, pursuant to 18 U.S.C. 2422(b), the defendant has consented to the forfeiture of all right, title, and interest to the United States in:

    a.    one (1) Toshiba Laptop, serial number 9D053762S;

    b.    one (1) Xbox 360 HDD Console, serial number 416713661705;

    c.    one (1) Fujitsu hard drive, model number MHW2040BH, serial number K11LT792KFDM;

    d.    one (1) PNY thumb drive 64GB;

    e.    one (1) Huawei My Touch cellphone, IMEI 861148011492910, serial number C527NC9370302567; and

    f.    one (1) Xbox Console, serial number 04329242806,

all seized from a residence located in Forest Hills, NY on or about February 25, 2016 (collectively the "Forfeited Property"), as: (a) any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such offense; (b) any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense; and/or (c) substitute assets pursuant to 21 U.S.C. § 853(p).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1.	Pursuant to 18 U.S.C. 2428(a) and 21 U.S.C. § 853(p), the defendant shall forfeit to the United States all right, title, and interest in the Forfeited Property.

2.	Upon entry of this Preliminary Order of Forfeiture ("Preliminary Order"), the United States Attorney General or his designee is authorized to seize the Forfeited Property, to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceedings to comply with statutes governing third party rights, including giving notice of this Preliminary Order.

3.	The United States shall publish notice of this Preliminary Order in accordance with the custom and practice in this district on the government website www.forfeiture.gov, of its intent to dispose of the Forfeited Property in such a manner as the Attorney General or his designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Forfeited Property as a substitute for published notice as to those persons so notified.

4.	Any person, other than the defendant, asserting a legal interest in the Forfeited Property may, within thirty days (30) of the final publication of notice or receipt of

notice or no later than sixty days (60) after the first day of publication on an official government website, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to notice of the forfeiture of the Forfeited Property must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

5. The defendant shall not file or interpose any claim or assist others to file or interpose any claim to the Forfeited Property in any administrative or judicial proceeding. The defendant shall fully assist the government in effectuating the surrender and forfeiture of the Forfeited Property to the United States. The defendant shall take whatever steps are necessary to ensure that clear title to the Forfeited Property passes to the United States, including, but not limited to, the execution of any and all documents necessary to effectuate the surrender and forfeiture of the Forfeited Property to the United States. Further, if any third party files a claim to the Forfeited Property, the defendant will assist the government in defending such claims. If the Forfeited Property is not forfeited to the United States, the United States may seek to enforce this Preliminary Order against any other assets of the defendant up to the value of the Forfeited Property, pursuant to 21 U.S.C. § 853(p).

6. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information. In addition, the defendant

knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of the monies and/or properties forfeited hereunder, and waives all constitutional, legal and equitable defenses to the forfeiture of same, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the United States Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

7. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order shall become final as to the defendant at the time of defendant's sentencing and shall be made part of the defendant's sentence and included in his judgment of conviction. If no third party files a timely claim, this Preliminary Order, together with Supplemental Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, monies and properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

8. The United States alone shall hold title to the Forfeited Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

9. The forfeiture of the Forfeited Property shall not be considered a payment of a fine, penalty, restitution loss amount, or payment of any income taxes that may be due, and shall survive bankruptcy.

10. This Preliminary Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

11. This Preliminary Order shall be binding only upon the Court "so ordering" the Order.

12. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Preliminary Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).13.

13. The Clerk of the Court is directed to send, by inter-office mail, four (4) certified copies of this executed Order to FSA Law Clerk Alexander Teichman, United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, Brooklyn, New York 11201.

Dated: Brooklyn, New York
       2/19, 2018

SO ORDERED:

_____
HONORABLE JACK B. WEINSTEIN
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

A TRUE COPY
ATTEST
DATE _____ 20 __
DOUGLAS C. PALMER
BY _____ CLERK
         DEPUTY CLERK