UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>– against –<br><br>CHRISTOPHER ARROYO,<br><br>            Defendant. | 16-CR-376<br>**Statement of Reasons**<br>**Pursuant to 18 U.S.C. § 3553(2)** |

**JACK B. WEINSTEIN**, Senior United States District Judge:

**Appearances**

    **For United States:**

        Drew Godfrey Rolle
        Assistant United States Attorney
        271 Cadman Plaza East
        Brooklyn, NY 11201

        Girish Karthik Srinivasan
        Assistant United States Attorney

    **For Defendant:**

        Samuel I. Jacobson
        Federal Defenders of New York, Inc.
        1 Pierrepont Plaza, 16th Floor
        Brooklyn, NY 11201

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 0 8 2018 ★

BROOKLYN OFFICE

Table of Contents

I.     Introduction ........................................................................................................... 2
II.    Facts ....................................................................................................................... 3
       a.   Jane Doe # 1 .................................................................................................. 3
       b.   Jane Doe # 2 and 3 ........................................................................................ 4
       c.   Guilty Plea .................................................................................................... 4
       d.   Sentencing .................................................................................................... 4
       e.   Restitution..................................................................................................... 4
III.   Offense Level, Category, and Sentencing Guidelines Ranges ............................. 4
       a.   Guideline Range ........................................................................................... 4
       b.   Statutory Requirements ................................................................................ 5
IV.    Law ........................................................................................................................ 5
V.     18 U.S.C. § 3553(a) Considerations ..................................................................... 6
VI.    Conclusion ............................................................................................................. 7

### I. Introduction

Defendant Christopher Arroyo pled guilty to using the internet to persuade an individual under the age of 18 years to engage in sexual activity and promoting sexual performance by a child. Presentence Investigation Report ("PSR") ¶ 1.

Defendant confessed to his crimes. He has no criminal history. He has been diagnosed with significant emotional problems and delays in his maturation, as well as depression and anxiety. PSR ¶ 102.

Defendant is sentenced to 10-years imprisonment and five-years supervised release. This statutory minimum sentence is, in the court's view, excessive and greater than necessary to achieve the goals of sentencing. *See* Hr'g Tr. 34:6-12; *United States v. C.R.*, 972 F. Supp. 2d 457 (E.D.N.Y. 2013) ("The effect of harsh minimum sentences in cases such as [this] is, effectively, to destroy young lives unnecessarily."); *see also United States v. D.M.*, 942 F. Supp. 2d 327, 346 (E.D.N.Y. 2013) ("[T]he compulsive behavior and disorders motivating many offenders is less susceptible to general deterrence, but can be dealt with by the close probationary supervision and conditions imposed that will deter others. . . . Specific deterrence is achieved

through treatment and supervision, extensive probationary conditions, and a host of collateral consequences which defendant will face for the rest of his life.").

## II. Facts

### a. Jane Doe # 1

Defendant met Jane Doe # 1 in 2012 through an online video game. PSR ¶ 5. Jane Doe # 1 told defendant she was age 13; she was actually 12. PSR ¶ 8. Defendant told Jane Doe # 1 he was 17; he was actually 23. PSR ¶ 8. They both later admitted their true ages to one another. *Id.* Communicating through various electronic and social media platforms, Defendant and Jane Doe # 1 began an online dating relationship. PSR ¶ 6.

Ten months into their relationship, Defendant asked Jane Doe # 1 to send him pictures of her body. PSR ¶ 9. After the initial picture was sent, Defendant solicited and received additional pictures of Jane Doe # 1 in various stages of undress. *Id.* She sent approximately fifteen digital images over a two-year time period. *Id.* At Defendant's request, they also communicated over online video sessions, during which they both masturbated. PSR ¶ 10.

A year into the relationship, Jane Doe # 1 attempted to break up with Defendant. PSR ¶ 11. He threatened to post the pictures of her online; Jane Doe # 1 continued the relationship. *Id.* Jane Doe # 1 eventually broke off the relationship in January 2015 and began receiving harassing messages from Defendant's affiliates urging her to re-establish contact with Defendant. PSR ¶ 13. In March 2015, Defendant posted naked pictures of Jane Doe # 1 online. PSR ¶¶ 15-18, 20-21. Defendant's affiliates continued harassing Jane Doe # 1 and posting her pictures on various websites. PSR ¶ 24.

### b. Jane Doe # 2 and 3

Defendant admitted that there were two additional minor girls from whom he received naked pictures. PSR ¶ 30-34. Jane Doe # 2 was a 16 year old girl that Defendant met online; Jane Doe # 3 was age 14 when she met Defendant. *Id.*

### c. Guilty Plea

Defendant pled guilty to a single-count Information that charged: using the internet to persuade an individual who had not attained the age of 18 years to engage in sexual activity in violation of New York State Penal Law § 263.15 and promoting a sexual performance by a child 18 U.S.C. § 2422(b). PSR ¶ 1.

### d. Sentencing

The court held a sentencing hearing on March 20, 2018. See Hr'g Tr. The proceeding was videotaped. *In Re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) ("The sentencing hearing normally requires that the defendant be observed for credibility, mental astuteness, physical characteristics, ability to withstand the rigors and dangers of incarceration, and a myriad other relevant factors. In many instances, it is necessary to observe the employer's and familial ties to the defendant. A judge applies mental impressions of many tangible and intangible factors when imposing a sentence.").

### e. Restitution

The victims did not make restitution requests. Hr'g Tr. 11:16-19; 18 U.S.C. §3553(c)(2).

## III. Offense Level, Category, and Sentencing Guidelines Ranges

### a. Guideline Range

The parties stipulated to, and the court accepted, a guideline offense level in a plea agreement. The agreed-upon base offense level is 30. USSG 2A3.1(a)(2); §2G1.3(c)(3). The offense level was enhanced by four points: two because the offense involved a victim between

age twelve and sixteen, USSG 2G2.1(b)(1)(B), and an additional two because the offense involved the use of a computer to persuade a minor to engage in sexually explicit conduct, USSG 2G2.1(b)(6)(B).

The offense level was decreased by three points: two because defendant has clearly demonstrated acceptance of responsibility, USSG §3E1.1(a), and one because the government was notified in a timely manner of Defendant's intention to enter a plea of guilty, USSG §3E1.1(b).

The total offense level is 31. Defendant has no prior convictions, establishing a criminal history category of I. This yields a Guideline imprisonment range of 120 to 135 months. The guideline fine range for a level 31 offense is from $30,000 to $300,000. USSG 5E1.2(c)(3).

### b. Statutory Requirements

The statutory minimum term of imprisonment is 10 years and the maximum is life. 18 U.S.C. § 2422(b). Defendant is required to forfeit any property that was used to commit the offense, including his computer and gaming systems. U.S.C. § 2428(a).

### IV. Law

The United States Sentencing Guidelines are "advisory, rather than binding." *Rita v. United States*, 511 U.S. 338, 361 (2007) (Stevens, J., concurring). A district court shall state its reasons for "imposition of the particular sentence." *U.S. v. Booker*, 543 U.S. 220 (2005).

Title 18 U.S.C. § 3553(a) instructs a court to impose a sentence "sufficient, but not greater than necessary, to comply" with the policy of the sentencing statutes and guidelines. A sentencing court shall take into account the following factors: (1) the nature of the offense and history of the defendant; (2) the need for just punishment; (3) general and specific deterrence; (4) incapacitation; (5) rehabilitation of the defendant; and (6) available sentences. *See* 18 U.S.C. § 3553(a).

## V.  18 U.S.C. § 3553(a) Considerations

For the reasons stated on the record, the court sentenced Defendant to ten-years imprisonment, the statutory minimum sentence.

Defendant has no prior criminal record. He lived with his mother and two half-siblings, age 18 and 8. PSR ¶¶ 83-85. Defendant's parents separated when he was six months old; he has had no contact with his father in 15 years. PSR ¶¶ 87, 83. He currently has no assets and was financially supported by his mother. PSR ¶¶ 122-26. He is unable to pay a fine. PSR ¶ 126.

Defendant was evaluated by a doctor, who concluded that he has significant emotional problems and delays in his maturation caused by his father abandoning him and by school bullying. PSR ¶ 102. The doctor concluded that Defendant stopped developing emotionally at a young age and shows symptoms of depression and anxiety. *Id.* The medical opinion is that Defendant suffers from a Borderline Personality Disorder. PSR ¶ 104.

Defendant received an Individualized Education Program in school because he was developmentally delayed. PSR ¶ 96. He was admitted to a hospital in high school after a suicide attempt. PSR ¶ 97. He has received medical treatment for depression. PSR ¶ 96. He has attended court-mandated sex offender group therapy sessions.

While awaiting sentencing, Defendant again attempted suicide. He addressed this suicide attempt at sentencing: "I felt it wasn't worth it, so I took the liberty to try to end myself. I felt it was easier because, you know, $10,000 of funeral funds versus 10 years of commissary and work." Hr'g Tr. 21:2-6.

The court noted at sentencing: "[A]lthough this is a very serious offense . . . and even though his actions created serious harm, the 10 years is excessive. He would be less of a threat and . . . would recover more readily with a lower sentence of incarceration, but the court has no

6

capacity to impose a lesser sentence." Hr'g Tr. 34:6-12. Early medical treatment outside of prison would help him more and be more protective of the public.

It should be noted that prison time will be exceptionally hard for this defendant. He is of slight build. When other prisoners find out about his crime, some will attack him for sexual reasons or to punish him. Protection will probably require long periods in solitary confinement, increasing pressure for suicide. The ten-year minimum is too long for this defendant.

## VI. Conclusion

Defendant is sentenced to ten years imprisonment, five years of supervised release and no fine. All relevant issues under the guidelines have been considered. Special attention was given to factors listed under 18 U.S.C. 3553(a).

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: April 24, 2018
       Brooklyn, New York